# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NEW YORK

---

ANTHONY RITTER o/b/o C.R.,

                                                      Plaintiff,

-vs-

                                                      DECISION and ORDER

MICHAEL J. ASTRUE, Commissioner of Social       07-CV-6513-CJS
Security,

                                                      Defendant.

---

**APPEARANCES**

For Plaintiff:                            Catherine M. Callery, Esq.
                                          Empire Justice Center
                                          One West Main Street Suite 200
                                          Rochester, NY 14614
                                          (585) 295-5727

For the Commissioner:          Christopher V. Taffe, A.U.S.A.
                                          United States Attorney's Office
                                          100 State Street, Room 620
                                          Rochester, NY 14614
                                          (585) 263-6760

**INTRODUCTION**

     This case is before the Court on the Commissioner's motion (Docket No. 8) for judgment on the pleadings and Plaintiff's cross-motion (Docket No. 14), also for judgment on the pleadings. For the reasons stated below, the Commissioner's motion is denied, and Plaintiff's cross-motion is granted.

**FACTUAL BACKGROUND**

Plaintiff's son, C.R., is receiving Supplemental Security Income payments, which vary in amount depending on his parents' household income. The Commissioner found that Plaintiff received overpayments during various times in 2000, 20001 and 2002, now amounting in total to $5,283.00. The Commissioner has demanded repayment of that amount. In response, Plaintiff sought a waiver, which, after a hearing before an Administrative Law Judge, the Commissioner denied.

Plaintiff filed his appeal in this Court *pro se* and appeared for oral argument on October 2, 2008. Following argument, the Court, at Plaintiff's request, permitted him additional time to obtain counsel. On October 24, 2008, Ms. Callery entered her appearance and filed a cross-motion and supporting memorandum. The Commissioner has elected not to file a reply.

**STANDARDS OF LAW**

*Appellate Review Standard*

Title 42 U.S.C. § 405(g) (2008) states, in relevant part, that "[t]he findings of the Commissioner of Social security as to any fact, if supported by substantial evidence, shall be conclusive."  The issue to be determined by this Court is whether the Commissioner's conclusions "are supported by substantial evidence in the record as a whole or are based on an erroneous legal standard."  *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998). Substantial evidence is defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.*

*Overpayments*

The burden is on the Commissioner to prove, by a preponderance of evidence, that an overpayment has occurred. *See Chlieb v. Heckler*, 777 F.2d 842, 848 (2d Cir. 1985) ("administrative law judge and the district court concluded that the record did not adequately show the basis for the calculation of the overpayment"). With regard to the elements of an overpayment and eligibility for waiver, the Second Circuit observed in *Center v. Schweiker*, 704 F.2d 678 (2d Cir. 1983):

> Under Section 1631(b) of the Social Security Act, 42 U.S.C. § 1383(b) (1976 and Supp. IV 1980), the Secretary may require a person who has received an overpayment to refund the amount paid in excess of the correct amount. The recovery of an overpayment by the Secretary will be waived only if the recipient can show: (1) that he was without fault and (2) that recovery would defeat the purpose of the Act or would be inequitable. *Id*. Fault may be found if the recipient: (1) makes a statement which he knows or should have known to be incorrect; (2) fails to furnish information which he knows or should have known to be material; or (3) accepts a payment which he knew or could have been expected to know was incorrect. 20 C.F.R. § 416.552 (1982). No showing of bad faith is required; rather, an honest mistake may be sufficient to constitute fault. *Morgan v. Finch*, 423 F.2d 551 (6th Cir. 1970). The fact that the SSA may have been at fault in making the overpayment does not relieve the recipient from liability for repayment if the recipient also was at fault. 20 C.F.R. § 416.552 (1982); *Morgan*, 423 F.2d at 553-54.

*Center*, 704 F.2d at 680.

Calculation of one's eligibility for SSI payments is a complex matter. The rules look not only at the recipient's income and assets, but also, under the parent-to-child deeming regulations, the Commissioner will consider another person's income to be the claimant's. The regulation applicable here provides an example of the quagmire involved in determining whether a non-eligible parent's income will disqualify an applicant from receiving SSI payments:

> If you are a child to whom deeming rules apply (see § 416.1165), we look at your ineligible parent's income to decide whether we must deem some of it to be yours. If you live with both your parent and your parent's spouse (*i.e.*, your stepparent), we also look at your stepparent's income to decide whether we must deem some of it to be yours. We do this because we expect your parent (and your stepparent, if living with you and your parent) to use some of his or her income to take care of your needs.

20 C.F.R § 416.1160(a)(2) (73 F.R. 28033, 28035, May 15, 2008). The deeming rules for an ineligible parent are as follows:

> If you are a child living with your parents, we apply the deeming rules to you through the month in which you reach age 18. We follow the rules in paragraphs (a) through (e) of this section to determine your eligibility. To determine your benefit amount, we follow the rules in paragraph (f) of this section. The rules in paragraph (g) of this section apply to changes in your family situation. Paragraph (i) of this section discusses the conditions under which we will not deem your ineligible parents' income to you if you are a disabled child living with your parents.
>
> (a) Determining your ineligible parent's income. We first determine how much current monthly earned and unearned income your ineligible parents have, using the appropriate exclusions in § 416.1161(a).
>
> (b) Allocations for ineligible children. We next deduct an allocation for each ineligible child in the household as described in § 416.1163(b).
>
> (c) Allocations for aliens who are sponsored by and have income deemed from your ineligible parent. We also deduct an allocation for eligible aliens who have been sponsored by and have income deemed from your ineligible parent as described in § 416.1163(c).
>
> (d) Allocations for your ineligible parent(s). We next deduct allocations for your parent(s). We do not deduct an allocation for a parent who is receiving public income-maintenance payments (see § 416.1142(a)). The allocations are calculated as follows:
>
> (1) We first deduct $20 from the parents' combined unearned income, if any. If they have less than $20 in unearned income, we subtract the balance of the $20 from their combined earned income.

(2) Next, we subtract $65 plus one-half the remainder of their earned income.

(3) We total the remaining earned and unearned income and subtract –

(i) The Federal benefit rate for the month for a couple if both parents live with you; or

(ii) The Federal benefit rate for the month for an individual if only one parent lives with you.

(e)(1) When you are the only eligible child. If you are the only eligible child in the household, we deem any of your parents' current monthly income that remains to be your unearned income. We combine it with your own unearned income and apply the exclusions in § 416.1124 to determine your countable unearned income in the month. We add this to any countable earned income you may have and subtract the total from the Federal benefit rate for an individual to determine whether you are eligible for benefits.

(2) When you are not the only eligible child. If your parents have more than one eligible child under age 18 in the household, we divide the parental income to be deemed equally among those eligible children.

(3) When one child's income makes that child ineligible. We do not deem more income to an eligible child than the amount which, when combined with the child's own income, reduces his or her SSI benefit to zero. (For purposes of this paragraph, an SSI benefit includes any federally administered State supplement). If the share of parental income that would be deemed to a child makes that child ineligible (reduces the amount to zero) because that child has other countable income, we deem any remaining parental income to other eligible children under age 18 in the household in the manner described in paragraph (e)(2) of this section.

(f) Determining your SSI benefit. In determining your SSI benefit amount, we follow the procedure in paragraphs (a) through (d) of this section. However, we use your ineligible parents' income in the second month prior to the current month. We vary this rule if any of the exceptions in § 416.1160(b)(2) applies (for example, if this is the first month you are eligible for payment of an SSI benefit or if you are again eligible after at least a month of being ineligible). In the first month of your eligibility for payment (or re-eligibility) we deem your ineligible parents' income in the current month to determine both whether you are eligible for a benefit and the amount of your benefit. In the

second month we deem your ineligible parents' income in that month to determine whether you are eligible for a benefit but we again use your countable income (including any that was deemed to you) in the first month to determine the amount of your benefit.

(g) Special rules for a change in status. We have special rules to begin or stop deeming your ineligible parents' income to you when a change in your family situation occurs.

(1) Ineligible parent becomes eligible. If your ineligible parent becomes eligible for SSI benefits, there will be no income to deem from that parent to you to determine your eligibility for SSI benefits beginning with the month your parent becomes eligible. However, to determine your benefit amount, we follow the rule in § 416.420.

(2) Eligible parent becomes ineligible. If your eligible parent becomes ineligible, we deem your parents' income to you in the first month of the parents' ineligibility to determine whether you continue to be eligible for SSI benefits. However, if you continue to be eligible, in order to determine your benefit amount, we follow the regular rule of counting your income in the second month prior to the current month.

(3) Ineligible parent dies. If your ineligible parent dies, we do not deem that parent's income to you to determine your eligibility for SSI benefits beginning with the month following the month of death. In determining your benefit amount beginning with the month following the month of death, we use only your own countable income in a prior month, excluding any income deemed to you in that month from your deceased ineligible parent (see § 416.1160(b)(2)(iii)). If you live with two ineligible parents and one dies, we continue to deem income from the surviving ineligible parent who is also your natural or adoptive parent. If you live with a stepparent following the death of your natural or adoptive parent, we do not deem income from the stepparent.

(4) Ineligible parent and you no longer live in the same household. If your ineligible parent and you no longer live in the same household, we do not deem that parent's income to you to determine your eligibility for SSI benefits beginning with the first month following the month in which one of you leaves the household. We also will not deem income to you from your parent's spouse (i.e., your stepparent) who remains in the household with you if your natural or adoptive parent has permanently left the household. To determine

your benefit amount if you continue to be eligible, we follow the rule in § 416.420 of counting your income including deemed income from your parent and your parent's spouse (i.e., your stepparent) (if the stepparent and parent lived in the household with you) in the second month prior to the current month.

(5) Ineligible parent and you begin living in the same household. If your ineligible parent and you begin living in the same household, we consider that parent's income to determine whether you continue to be eligible for SSI benefits beginning with the month following the month of change. However (if you continue to be eligible), to determine your benefit amount, we follow the rule in § 416.420 of counting your income in the second month prior to the current month.

(6) You become subject to the $ 30 Federal benefit rate. If you become a resident of a medical treatment facility and the $ 30 Federal benefit rate applies, we do not deem your ineligible parent's income to you to determine your eligibility for SSI benefits beginning with the first month for which the $ 30 Federal benefit rate applies. In determining your benefit amount beginning with the first month for which the $ 30 Federal benefit rate applies, we only use your own countable income in a prior month, excluding any income deemed to you in that month from your ineligible parent.

(7) You attain age 18. In the month following the month in which you attain age 18 and thereafter, we do not deem your ineligible parent's income to you to determine your eligibility for SSI benefits. In determining your benefit amount beginning with the month following your attainment of age 18, we only use your own countable income in a prior month, excluding any income deemed to you in that month from your ineligible parent (see § 416.1160(b)(2)(B)). Your income for the current and subsequent months must include any income in the form of cash or in-kind support and maintenance provided by your parents. If you attain age 18 and stop living in the same household with your ineligible parent, these rules take precedence over paragraph (g)(4) of this section which requires continued use of deemed income in the benefit computation for 2 months following the month you no longer live in the same household.

(h) Examples. These examples show how we deem an ineligible parent's income to an eligible child when none of the exceptions in § 416.1160(b)(2) applies. The Federal benefit rates are those effective January 1, 1992.

Example 1. Henry, a disabled child, lives with his mother and father and a 12-year-old ineligible brother. His mother receives a pension (unearned income) of $365 per month and his father earns $1,165 per month. Henry and his brother have no income. First we deduct an allocation of $211 for Henry's brother from the unearned income. This leaves $154 in unearned income. We reduce the remaining unearned income further by the $20 general income exclusion, leaving $134. We then reduce the earned income of $1,165 by $65 leaving $1,100. Then we subtract one-half of the remainder, leaving $550. To this we add the remaining unearned income of $134 resulting in $684. From this, we subtract the parent allocation of $633 (the Federal benefit rate for a couple) leaving $51 to be deemed as Henry's unearned income. Henry has no other income. We apply Henry's $20 general income exclusion which reduces his countable income to $31. Since that amount is less than the $422 Federal benefit rate for an individual, Henry is eligible. We determine his benefit amount by subtracting his countable income (including deemed income) in a prior month from the Federal benefit rate for an individual for the current month. See § 416.420.

Example 2. James and Tony are disabled children who live with their mother. The children have no income but their mother receives $542 a month in unearned income. We reduce the unearned income by the $20 general income exclusion, leaving $522. We then subtract the amount we allocate for the mother's needs, $422 (the Federal benefit rate for an individual). The amount remaining to be deemed to James and Tony is $100, which we divide equally between them resulting in $50 deemed unearned income to each child. We then apply the $20 general income exclusion, leaving each child with $30 countable income. The $30 of unearned income is less than the $422 Federal benefit rate for an individual, so the children are eligible. We then determine each child's benefit by subtracting his countable income (including deemed income) in a prior month from the Federal benefit rate for an individual for the current month. See § 416.420.

Example 3. Mrs. Jones is the ineligible mother of two disabled children, Beth and Linda, and has sponsored an eligible alien, Mr. Sean. Beth, Linda, and Mr. Sean have no income; Mrs. Jones has unearned income of $924 per month. We reduce the mother's unearned income by the $211 allocation for Mr. Sean, leaving $713. We further reduce her income by the $20 general income exclusion, which leaves a balance of $693. Next, we subtract the amount we allocate for the mother's needs, $422 (the amount of the Federal benefit rate for an individual). The balance of $271 to be deemed is divided equally between Beth and Linda. Each now has unearned income of $135.50

from which we deduct the $20 general income exclusion, leaving each child with $115.50 countable income. Since this is less than the $422 Federal benefit rate for an individual, the girls are eligible. We then determine each child's benefit by subtracting her countable income (including deemed income) in a prior month from the Federal benefit rate for an individual for the current month. See § 416.420. (For the way we deem the mother's income to Mr. Sean, see examples No. 3 and No. 4 in § 416.1166a.)

Example 4. Jack, a disabled child, lives with his mother, father, and two brothers, none of whom are eligible for SSI. Jack's mother receives a private pension of $350 per month and his father works and earns $1,525 per month. We allocate a total of $422 for Jack's ineligible brothers and subtract this from the parents' total unearned income of $350; the parents' unearned income is completely offset by the allocations for the ineligible children with an excess allocation of $72 remaining. We subtract the excess of $72 from the parents' total earned income leaving $1,453. We next subtract the combined general income and earned income exclusions of $85 leaving a remainder of $1,368. We subtract one-half the remainder, leaving $684 from which we subtract the parents' allocation of $633. This results in $51 deemed to Jack. Jack has no other income, so we subtract the general income exclusion of $20 from the deemed income leaving $31 as Jack's countable income. Since this is below the $422 Federal benefit rate for an individual, Jack is eligible. We determine his payment amount by subtracting his countable income (including deemed income) in a prior month from the Federal benefit rate for an individual for the current month. See § 416.420.

(i) Disabled child under age 18. If you are a disabled child under the age of 18 living with your parents, we will not deem your parents' income to you if –

(1) You previously received a reduced SSI benefit while a resident of a medical treatment facility, as described in § 416.414;

(2) You are eligible for medical assistance under a Medicaid State home care plan approved by the Secretary under the provisions of section 1915(c) or authorized under section 1902(e)(3) of the Act; and

(3) You would otherwise be ineligible for a Federal SSI benefit because of the deeming of your parents' income or resources.

20 C.F.R. § 416.1165 (73 FR 28033, 28036, May 15, 2008).

**ANALYSIS**

The ALJ determined that the record contains evidence that Plaintiff was receiving SSI payments above those authorized and was "at fault" in causing the situation. (Record at 197, 203.) He also noted in his decision that Plaintiff[1] is a college graduate and had previously been notified of the income limitations and the need to report his income to the Social Security office on a consistent basis. (Record at 11.) Thus, the ALJ concluded that Plaintiff's failure to return a payment he knew was unauthorized met the criteria of "at fault" under the applicable regulation. Although the Regulation permits waiver of the overpayment, the ALJ determined that Plaintiff was not eligible for a waiver since one can be granted only "when an individual on whose behalf waiver is being considered is without fault (as defined in § 416.552)…." 20 C.F.R. § 416.554 (60 F.R. 16375, Mar. 30, 1995). The Commissioner argues that the evidence in the record substantially supports the ALJ's ruling, which he argues should be affirmed.

Plaintiff, not unexpectedly, asserts that record does not contain substantial evidence to support the Commissioner's determination that Plaintiff is not without fault. Citing to *Chileb v. Heckler*, 777 F.2d 842 (2d Cir. 1985), he argues that in this case, the record contains no evidence that the complex calculations were correctly made in the first place to show that C.R. was overpaid SSI benefits. He points out that, the record contains contrary evidence of the overpayments allegedly made, without an explanation for the discrepancies, or any showing of the calculations used to reach the initial determination that C.R. received payments when he was not eligible due to his parents' income. The first

---

[1] By Plaintiff, the Court is referring to the claimant's father, who is the representative payee for his son.

overpayment notice from August 2001 claimed that the amount overpaid was $732.25, and a prior overpayment "already on his record" of $4,112.75. (Record, at 37.) The second overpayment notice from September 2002 listed a new overpayment of $2,153.20, and an old overpayment of $3,129.32. (Record, at 71.) In neither notice are the calculations shown, nor is an explanation made of the reason for the change in the old overpayment.

Moreover, the record presents merely a conclusion that overpayments were caused "by the verified wages of Anthony W. Ritter and Michelle L. Ritter which effects [sic] the monthly SSI benefits for" C.R. (Record, at 41), or "caused by the verified wages of Michelle L. Ritter" (Record, at 75). This is a far cry from the detailed explanation provided as the basis for the decision in *Chlieb*, 777 F.2d at 844 & 847 (at "a hearing on the remand,… Mr. Steven Solinsky, a benefit authorizer for the SSA, explained…at length how he calculated the amount of the overpayment Ms. Chlieb received. The witness was a Social Security benefit authorizer who was experienced in computing benefit rates."). The Court concludes that the evidence in the record is not "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Schaal v. Apfel*, 134 F.3d at 501.

Plaintiff also contends that the ALJ failed to assess his credibility. This is a crucial element, as the Second Circuit made clear in *Valente v. Secretary of Health & Human Svcs.*, 733 F.2d 1037 (2d Cir. 1984):

> Where, as here, credibility is a critical factor in determining whether the claimant was without fault, the ALJ must have stated explicitly whether he believed the witness's testimony. *Lewin v. Schweiker*, 654 F.2d 631, 635 (9th Cir. 1981); *accord Viehman v. Schweiker, supra*, 679 F.2d at 227-28. Without such a finding here, we are at a loss to discern the ALJ's rationale for his determination that the Valentes were at fault.

*Valente*, 733 F.2d at 1045. The ALJ's decision does not address credibility.

Further, the ALJ also failed to follow the Commissioner's regulation on waiver of adjustment or recovery. In particular, his decision fails to "take into account any physical, mental, educational, or linguistic limitations…the individual may have." 20 C.F.R. 416.552 (59 F.R. 1636, Jan. 12, 1994). Plaintiff testified that he suffered from attention deficit disorder and a disability, the details of which do not appear on the record), which, in combination with the chaos caused by his son's condition, may have affected the timeliness of his reports to Social Security concerning his income. (Record, at 197, 203.)

Accordingly, the Court concludes that the Commissioner's decision is not supported by substantial evidence in the record, and that the ALJ did not correctly apply the law in reaching his decision.

## CONCLUSION

The Commissioner's motion (Docket No. 8) for judgment on the pleadings is denied and Plaintiff's cross-motion (Docket No. 14) is granted. Pursuant to the fourth sentence of 42 U.S.C. § 405(g), the Commissioner's decision is reversed, and the case is remanded for a rehearing.

IT IS SO ORDERED.

Dated:   March 2, 2009
        Rochester, New York
               ENTER.   /s/ Charles J. Siragusa
                               CHARLES J. SIRAGUSA
                               United States District Judge